988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re HEARDWAY DEVELOPMENT, Debtor.
HEARDWAY DEVELOPMENT; Jerry Anolik, Appellants,
v.
SUNRISE BANK OF CALIFORNIA; Tad Krezman; Virginia Krezman,
Appellees.
 No. 91-15279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided March 5, 1993.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel; No. EC-89-01576-VMeO, Volinn, Meyers and Ollason, Judges, Presiding.
 BkrtcyApp 9.
 DISMISSED.
 Before FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Heardway Development, a California joint venture, and Jerry Anolik appeal the Bankruptcy Court's dismissal of their bankruptcy petition. The Bankruptcy Appellate Panel dismissed their appeal as moot on February 8, 1991. We find that this appeal is moot and dismiss.
 
 I.
 
 3
 At issue is the real property located at 5848 Hazel Avenue, Orangevale, California. In early 1989, Jerry Anolik was the owner of the property. Anolik fell behind on his mortgage payments to appellee Sunrise Bank of California, the holder of the deed of trust. Sunrise's non-judicial foreclosure proceedings were stayed on January 13, 1989 when Anolik filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code and claimed a homestead exemption in the property.
 
 
 4
 Sunrise obtained relief from the bankruptcy stay on May 1, 1989, and a foreclosure sale was eventually scheduled for June 2, 1989. On June 1, 1989, Anolik, one of Heardway's general partners, transferred the property by grant deed to Heardway. Heardway, listing the Hazel Avenue property as its sole asset, filed a Chapter 11 bankruptcy petition on June 2, 1989, again staying the foreclosure sale. This petition was dismissed on June 19, 1989, and the court waived the seven day grace period provided in California Civil Code § 2924(d), thereby allowing Sunrise to conduct a foreclosure sale immediately. The foreclosure sale was finally held on June 21, 1989, and appellees Tad and Virginia Krezman purchased the property. Heardway failed to obtain a stay from the order dismissing the Chapter 11 petition.
 
 II.
 
 5
 Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits the sale of a debtor's assets, whether the order directly approves a foreclosure sale or simply lifts the bankruptcy stay. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985). Because the order dismissing the appeal lifted the automatic bankruptcy stay, this appeal is moot. See 11 U.S.C. §§ 362, 363(m); Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States, 823 F.2d 1373, 1375 (9th Cir.1987); In re Onouli-Kona Land Co., 846 F.2d 1170, 1173 (9th Cir.1988). The court therefore lacks jurisdiction to review the merits of the dismissal of the bankruptcy petition. See In re Suchy, 786 F.2d 900, 901, 902 (9th Cir.1987).
 
 
 6
 This appeal is hereby DISMISSED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3